IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONALD EDWARD SMOOT,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,

                Defendant.

Case No. 3:15-cv-00708-PA

OPINION AND ORDER

MERRILL SCHNEIDER
SCHNEIDER KERR LAW OFFICES
P.O Box 14490
Portland, Oregon, 97293
    Of Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-1011

DAVID BURDETT
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Of Attorneys for Defendant

1 – OPINION AND ORDER

PANNER, District Judge:

Donald Edward Smoot ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

*Administrative History*

On October 25, 2011, Plaintiff applied for DIB. Tr. 20. Plaintiff alleged disability since June 30, 2005, which was later changed to December 30, 1999. Tr. 20, 39. Plaintiff's application was denied initially and on reconsideration. Tr. 20. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on August 7, 2013 before ALJ Jo Hoenninger. Tr. 28. Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 35-84. On August 26, 2013, ALJ Hoenninger issued a decision finding Plaintiff not disabled. Tr. 28. Plaintiff requested review from the Appeals Council on October 21, 2013. Tr. 15. The Appeals Council declined Plaintiff's request for review on February 23, 2015, and this action followed. *Id.*

*Background*

Born in 1949, Plaintiff was 50 years old on the alleged disability onset date. Tr. 149. Plaintiff alleges disability due to right both-column acetabular fracture, sciatic nerve pain, and arthritis. Tr. 23, 229. Plaintiff graduated from high school. Tr. 179. Plaintiff has past relevant work as a journeyman sign electrician, electrician, handyman, and store owner. Tr. 40-70.

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v.*

2 OPINION AND ORDER

*Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502 and 404.920. First, the Commissioner considers whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b) and 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*,

3 OPINION AND ORDER

482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d) and 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f) and 404.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must demonstrate that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g) and 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566 and 416.966.

*The ALJ's Findings*

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 30, 1999 through his date last insured of June 30, 2005. Tr. 22.

At step two, the ALJ determined Plaintiff has the severe impairment of right both-column acetabular fracture. Tr. 23. The ALJ identified other injuries and mental conditions that did not rise to the level of severe impairment. Tr. 23.

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 23. Because Plaintiff did not establish disability at step three, the ALJ continued to evaluate how Plaintiff's impairments affected his ability to work during the relevant period. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work except that:

> [h]e could frequently climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He could occasionally stoop, kneel, crouch, or crawl.

Tr. 24.

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as an electrician. Tr. 26-27.

At step five, the ALJ found that Plaintiff had acquired work skills from past relevant work as an electrician, including: planning and installing wiring, preparing sketches, following blueprints, using hand tools and power tools, testing continuity of circuits, repairing faulty equipment, and cutting and welding steel structural members. Tr. 27. The ALJ found that Plaintiff could perform the jobs of electrical instrument repairer and electrical assembler, which exist in significant numbers in the national economy. Tr. 28.

*Discussion*

Plaintiff alleges the ALJ erred by improperly assessing Plaintiff's: (1) sciatic nerve pain and arthritis; and (2) transferable skills.

### I.   Sciatic Nerve Pain and Arthritis

An impairment or combination of impairments may be rejected at step two only if the evidence establishes a slight abnormality that minimally affects a plaintiff's ability to work. *Smolen v. Chater* 80 F.3d, 1273, 1290 (9th Cir. 1996). Step two is a *de minimis* threshold used to dispose of meritless claims. *Id.* An ALJ may find a plaintiff lacks a severe impairment or combination of impairments only when her conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ considered the medical evidence and found Plaintiff to have the severe impairment of status post hip fracture repair. The ALJ found Plaintiff's obesity and hypertension to be non-severe impairments. Plaintiff argues the ALJ should have considered his sciatic nerve pain and arthritis severe impairments.

The ALJ noted Plaintiff was diagnosed with mild sciatic nerve pain and mild arthritis by Dr. Duwelius in 2006, a year after his date last insured ("DLI"). Tr. 25. Such evidence is

5 OPINION AND ORDER

probative, but not compelling. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1228-29 (9th Cir. 2010). More importantly, one year after Plaintiff's 1999 surgery and disability onset date, Dr. Duwelius assessed Plaintiff as "overall doing exceptionally well" with no pain, walking without assistive devices, and riding his bicycle. Tr. 476. The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ reasonably relied on the opinion of Plaintiff's treating physician in interpreting the record.

Plaintiff argues that William King Jr., a chiropractor, found tenderness and spams in various upper and lower back muscles in 2002 and 2005. Tr. 447. However, Plaintiff fails to argue the link between tenderness and muscle spasms in 2002 and 2005, and mild sciatic nerve pain in 2006. Plaintiff presents no evidence the alleged sciatic nerve pain caused the muscle spasms and tenderness, or that the two conditions affected Plaintiff concurrently. Additionally, William King Jr. did not indicate the muscle spasms and tenderness were due to arthritis or sciatic nerve pain. Tr. 447.

Moreover, Plaintiff presents no evidence regarding how the muscle spasms and nerve pain affected him or his ability to sustain employment. Specifically, Plaintiff fails to argue any functional limitations resulting from the alleged conditions. Assuming, *arguendo*, the ALJ erred, the error was harmless because (1) Plaintiff prevailed at step two; and (2) because Plaintiff failed to allege any functional limitations relating to the alleged conditions, the RFC would remain the same. *Burch*, 400 F.3d at 682. Finally, a chiropractor's opinion, on its own, cannot be used to establish a medically determinable impairment; only acceptable medical sources can be used to establish severe impairments at step two, and a chiropractor is not an acceptable medical source. 20 C.F.R. § 404.1513(a).

Plaintiff argues the ALJ failed to consider and discuss the treatment notes of William King Jr., the chiropractor. The ALJ is not required to discuss every piece of evidence; some evidence is neither significant nor probative. *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003). The chiropractor did not assess any functional limitations regarding Plaintiff's muscle spasms and tenderness and did not state the condition lasted or was expected to last more than the required 12 months. Additionally, the chiropractor's notes show Plaintiff's condition was alleviated by various treatments, including heat packs and stretches. These factors show the chiropractor's notes were neither significant nor probative.

For the reasons articulated above, the ALJ did not err in evaluating Plaintiff's sciatic nerve pain and arthritis.

## II.     **Transferable Skills**

The Commissioner bears the burden of showing the plaintiff can perform other work that exists in significant numbers in the national economy at step five. *Tackett v. Apfel,* 180 F.3d 1094, 1098-99 (9th Cir. 1999). "When the issue of skills and their transferability must be decided, the…ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation." *Bray v. Comm'r of Soc. Sec.,* 554 F.3d 1219, 1223 (9th Cir. 2009) (quoting SSR 82-41).

The ALJ found Plaintiff possessed transferable work skills based on his past work as an electrician. Tr. 27. The ALJ then claimed Plaintiff possessed the skills the DOT lists in the job description of electrician, including "planning and installing wiring, preparing sketches, following blueprints, using hand tools and power tools, testing continuity of circuits, repairing faulty equipment, and cutting and welding steel structural members." Tr. 27. The ALJ used these transferable skills as support for Plaintiff being able to perform the jobs of electrical instrument repairer and electrical assembler. Tr. 28. Plaintiff argues the ALJ committed harmful error

7 OPINION AND ORDER

because her transferable skills analysis was not supported by substantial evidence. The Commissioner concedes the ALJ erred by not asking the VE to identify Plaintiff's transferable skills, but submits it was harmless error.

The ALJ erred by failing to support her transferable skills analysis with substantial evidence. Although the Commissioner concedes the ALJ erred by failing to elicit testimony from the VE identifying Plaintiff's transferrable skills, this was not necessarily error. ""[C]onsultation with a [VE] *may* be necessary to ascertain" whether a given skill or set of skills are transferable in a claimant's particular case." *Bray* 554 F.3d at 1225 (quoting SSR 82-41) (emphasis added). By phrasing the transferable skills assessment as permissive the SSR seemingly gives discretion to ALJs to make findings based on other evidence, including the VE or testimony from Plaintiff.

However, the ALJ failed to support her transferable skills finding with substantial evidence. "Findings should be supported with appropriate documentation." *Bray* 554 F.3d at 1223. Here, the ALJ did not provide appropriate documentation to support her findings. Plaintiff's testimony does not evince the skills listed by the ALJ, and the ALJ did not provide any evidence showing Plaintiff actually possesses the skills listed in the DOT description of an electrician. Plaintiff likely possesses at least some of these skills, and the court notes Plaintiff was cagey in answering the ALJ's questions regarding his past work, but the ALJ needed to obtain specific factual information from Plaintiff or the VE and include it in the written opinion. Because the ALJ failed to include supporting evidence showing Plaintiff actually possessed these transferable skills, the ALJ erred. That error was not harmless because the ALJ used the unsubstantiated transferable skills to assign Plaintiff the jobs of electrical instrument repairer and electrical assembler. Tr. 28.

The court may remand this case either for additional evidentiary findings and gathering information or to award benefits. *Smolen*, 80 F.3d at 1292. Generally, remand is warranted where

8 OPINION AND ORDER

additional administrative proceedings could remedy defects in the ALJ's decision. *Harman v. Apfel,* 211 F.3d 1172, 1179 (9th Cir. 2000). Here, the ALJ erred and remand is appropriate for the ALJ to remedy the factual ambiguities regarding Plaintiff's transferable work skills.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's application for disability insurance benefits is REMANDED for further consideration based on this opinion.

**IT IS SO ORDERED.**

DATED this __8__ day of August, 2016.

Owen Panner
United States District Judge